JUDY M. IRIYE, Bar No. 211360
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile.: 310.553.5583
jiriye@littler.com

VANESSA M. COHN, Bar No. 314619
LITTLER MENDELSON, P.C.
5200 N. Palm Ave., Ste. 302
Fresno, California 93704
Telephone: 559.244.7500
Facsimile: 559.244.7525
vcohn@littler.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRIS LEON, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| TARGET CORPORTION, a Minnesota Corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | Trial Date: TBD<br>Complaint Filed: June 30, 2021 |

**TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant TARGET CORPORATION ("Defendant" or "Target"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior Court of the State of California, County of Bernardino, to the United States District Court for the Central District of California (the

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

Notice of Removal of Civil Action to Federal Court

"Notice of Removal"). In support of its Notice of Removal, Defendant respectfully submits to this Honorable Court the following information:

## STATEMENT OF JURISDICTION (DIVERSITY)

1. Removal jurisdiction exists because this Court has original jurisdiction over the unverified Complaint of Plaintiff CHRIS LEON ("Plaintiff") pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither the plaintiff nor any defendants are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). As discussed in more detail herein, Plaintiff was a citizen of the County of San Bernardino, State of California, at the time the operative Complaint was filed in San Bernardino County Superior Court. *See* Exhibit A, ¶ 1, the "Complaint" (Civil Action No. CIVSB2119309, *Chris Leon v. Target Corporation, a Minnesota Corporation, and Does 1 through 25, inclusive*). Defendant is – and at the time Plaintiff's Complaint was filed was – a Minnesota corporation with its principal place of business in Minnesota. *See* concurrently-filed Declaration of Kirsten Bass ("Bass Decl."), ¶ 2. Plaintiff is not currently a citizen of Minnesota; nor was Plaintiff a citizen of Minnesota during the events giving rise to this action. *See* Exhibit A, ¶ 1; *see also* Bass Decl., ¶ 4. As such, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice of Removal.

## STATE COURT ACTION

2. On or about June 30, 2021, Plaintiff filed this action in San Bernardino County Superior Court. *See* Complaint, available at Exhibit A hereto. This action was served on Defendant on July 20, 2021. *See* concurrently-filed Declaration of Vanessa M. Cohn ("Cohn Decl."), ¶ 2.

3. Plaintiff's Complaint purports to assert eight causes of action for: (1) disability discrimination in violation of California Government Code section 12940 ("FEHA"); (2) failure to engage in a good faith interactive process in violation of

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

Notice of Removal of Civil Action to Federal Court

California Government Code section 12940(n); (3) failure to provide reasonable accommodation in violation of California Government Code section 12940(m); (4) retaliation in violation of California Government Code section 12945.2(1); (5) failure to take reasonable steps to prevent discrimination and/or retaliation in violation of Government Code section 12940; (6) violation of the California Family Rights Act ("CFRA"); (7) retaliation in violation of the CFRA; and, (8) wrongful termination in violation of public policy.

4.    Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on August 17, 2021. *See* Exhibit B hereto. *See* Cohn Decl., ¶ 7.

5.    The remaining submissions in this action on file with the San Bernardino County Superior Court are attached hereto as Exhibit C.

## TIMELINESS OF NOTICE OF REMOVAL

6.    An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served the Complaint on July 20, 2021. *See* Cohn Decl., ¶ 2. Therefore, Defendant can remove this action up to and including August 19, 2021. *See* FED. R. CIV. P. 6(a).

## VENUE

7.    Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within San Bernardino County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

Notice of Removal of Civil Action to Federal Court

**NOTICE TO PLAINTIFF**

8.    As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff.  *See* Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.[1]

**NOTICE TO THE SAN BERNARDINO COUNTY SUPERIOR COURT**

9.    Defendant also filed this Notice of Removal with the Clerk of the San Bernardino County Superior Court.  *See* Defendant's Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as Exhibit E.[2]

**FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

10.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff in effect claims that Plaintiff is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

11.    Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California.  *See* Complaint, Exhibit A, ¶ 1 ("Plaintiff…at all relevant herein was, an individual residing in the County of San Bernardino, State of California").

12.    Defendant is a corporation duly organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minneapolis, Minnesota.  *See* concurrently-filed Bass Decl., at ¶ 2.  Thus, Defendant is a citizen of Minnesota, and Defendant is not a citizen of California.

[1] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit D have been omitted from this filing.

[2] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit E have been omitted from this filing.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4

Notice of Removal of Civil Action to Federal
Court

13.    In measuring the amount in controversy where it is not explicitly pleaded, this Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe (if anything). *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by a plaintiff's complaint). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy).

14.    Where, as here, a plaintiff's state court complaint is silent as to the total amount of damages claimed, a removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996).

15.    To that end, should Plaintiff prevail on Plaintiff's claims for violations of California's Fair Employment and Housing Act and the California Family Rights Act, and wrongful termination in violation of public policy, Plaintiff would be entitled to recover the amount that Plaintiff would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). While Defendant disputes that Plaintiff is entitled to recover any damages, for

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

Notice of Removal of Civil Action to Federal
Court

the sake of argument, Defendant analyzes the damages pleaded in the Complaint. Here, Plaintiff alleges that Plaintiff was employed by Defendant through Plaintiff's termination July 10, 2020. *See* Exhibit A, the Complaint, ¶ 14. Plaintiff alleges that Defendant employed Plaintiff as a Warehouse Worker. *See* Exhibit A, the Complaint, ¶ 6. Plaintiff's last rate of pay was $19.38 per hour. Bass Decl., ¶ 4. Plaintiff worked on average 40 hours per week for Defendant. Bass Decl., ¶ 4. Plaintiff seeks lost income from the date of termination on July 10, 2020, through to the present and into the future. *See*, *e.g.*, Exhibit A, the Complaint, ¶¶ 33, 42, 51, 58, 66, 76, 85, and 92 ("…Plaintiff suffered a loss of wages…all in amounts in excess of the minimum jurisdiction of the [C]ourt and according to proof.") As of the date of this Notice of Removal, it has been approximately 57 weeks since Plaintiff was separated from employment with Defendant. Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $44,186.40 in damages in the form of lost income as of the date of this filing, with the damages continuing into the future through trial continuing at least the rate of $775.20 per week.

16. Additionally, Plaintiff seeks an award of attorneys' fees in connection with Plaintiff's claims for violation of California's Fair Employment and Housing Act. *See*, *e.g.*, Exhibit A, the Complaint, ¶¶ 34, 43, 52, 59, 67, 77, 86, and 93 ("As a further proximate result of Defendants' [sic] wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof"). While Defendant again disputes that Plaintiff is entitled to recover any damages in connection with this action, attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S*, 142 F.3d at 1156. One recent Eastern District case involving similar allegations of discrimination, retaliation and whistleblowing resulted in fees exceeding half a million dollars. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims). In cases well over 10

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

Notice of Removal of Civil Action to Federal Court

years old (and, thus, not accounting for inflation), attorneys' fee awards under FEHA regularly exceeded $75,000. *See*, *e.g.*, *Flannery v. Prentic*, 26 Cal.4th 572 (2001) ($1,088,231 fee award upheld); *Dwyer v. Crocker Nat'l Bank*, 194 Cal.App.3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008), *citing Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in individual discrimination cases often exceed the damages"). Accordingly, attorneys' fees alone are likely to be greater than $75,000.

17.    Plaintiff also seeks damages for the emotional distress allegedly suffered.  Exhibit A, the Complaint, ¶¶ 31, 40, 49, 56, 64, 74, 83, 90 ("…Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the [C]ourt and according to proof"). Again, though Defendant contests that Plaintiff is entitled to any such recovery, Plaintiff's claim for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).  For the sake of analysis of the jurisdictional prerequisite for removal of this action, past rulings reflect that plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7

Notice of Removal of Civil Action to Federal Court

1   requirement "even without including a potential award of attorney's fees." *Kroske*, 432

2   F.3d at 980.  A similar result is compelled here, as Plaintiff expressly seeks damages

3   for emotional distress and a comparable amount of lost wages is at issue.  Thus, based

4   on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's

5   claims is likely to add at least $25,000 to the amount in controversy, if not more.  The

6   foregoing, when taken together with Plaintiff's claims for back pay, front pay, and

7   attorney's fees, easily places the amount of controversy in excess of $75,000.

8         18.    The amount in controversy includes punitive damages unless

9   punitive damages are not recoverable as a matter of state law, and it is a legal certainty

10  that plaintiff would not be entitled to recover the jurisdictional amount. *Anthony,* 75

11  F3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F3d 1250,

12  1253-1254.)  Here, Plaintiff alleges that Plaintiff is entitled to punitive damages for

13  Defendant's alleged willful and malicious misconduct, but does not provide a total

14  amount of the alleged punitive damages sought.  *See* Exhibit A, the Complaint, ¶¶ 35,

15  44, 53, 60, 68, 94 (the "…actions of Defendants [sic] were done with malice, fraud or

16  oppression, and in reckless disregard of Plaintiff's rights under FEHA…and in violation

17  of public policy of California. Specifically, Defendants discriminated against and/or

18  terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to

19  punitive damages"). With respect to punitive damages, California law does not provide

20  any specific monetary limit on the amount of punitive damages which may be awarded

21  under Civil Code section 3294, and the proper amount of punitive damages under

22  California law is based on the reprehensibility of a defendant's misdeeds, the ratio

23  between compensatory and punitive damages, and ratio between damages and a

24  defendant's net worth.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir.

25  1994).  While Defendant vehemently disputes it is liable for any punitive damages,

26  outcomes in California reflect the likelihood that if Plaintiff prevails at trial, Plaintiff's

27  damages would exceed the $75,000 amount in controversy threshold. *See e.g., Rivera*

28  2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC,*

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8                    Notice of Removal of Civil Action to Federal
Court

2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $ 1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the jurisdictional minimum.

19.    Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, *at a minimum*, well over $75,000 as of the date of this Notice of Removal, which is reflective of the sum of $44,186.40 in lost income to date, at least $75,000 in attorney's fees, and $25,000 in emotional distress damages.

20.    Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of San Bernardino, to the United States Court for the Central District of California.

Dated:  August 18, 2021

LITTLER MENDELSON, P.C.


*/s/ Vanessa M. Cohn*
JUDY M. IRIYE
VANESSA M. COHN
Attorneys for Defendant
TARGET CORPORATION

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9

Notice of Removal of Civil Action to Federal Court

**Exhibit A**

Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
Christopher L. Garcia (SBN 306082)
E-mail: *chris.garcia@moonyanglaw.com*
Sherwin Nahavandi (SBN 322548)
E-mail: *sherwin.nahavandi@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone:   (213) 232-3128
Facsimile:   (213) 232-3125

Attorneys for Plaintiff
CHRIS LEON

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 30 2021

BY _____
NICOLE O'DWYER, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

CHRIS LEON, an individual;

Plaintiff,

vs.

TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No.: **CIV SB 2 1 1 9 3 0 9**

**COMPLAINT FOR DAMAGES FOR:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**
2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**
3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
4. **RETALIATION IN VIOLATION OF FEHA;**
5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND/OR RETALIATION;**
6. **VIOLATION OF THE CFRA;**
7. **RETALIATION IN VIOLATION OF THE CFRA;**
8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

[JURY TRIAL DEMANDED]

CIV SB 2 1 1 9 3 0 9

1    COMES NOW Plaintiff Chris Leon who files this Complaint against Defendants Target

2    Corporation and DOES 1 through 25 inclusive (collectively "Defendants") herein, and against

3    each of them, and for causes of action allege as follows.

4                                  **THE PARTIES**

5    1.    Plaintiff Chris Leon ("Plaintiff" or "Leon") is, and at all relevant times herein

6    was, an individual residing in the County of San Bernardino, State of California.

7    2.    Plaintiff is informed and believes, and thereon alleges that Defendant Target

8    Corporation ("Target" or "Defendant") is, and at all times material hereto was a Minnesota

9    corporation doing business in the County of San Bernardino, State of California.

10    3.    Plaintiff is ignorant of the true names and capacities of those defendants sued as

11    DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to

12    Code of Civil Procedure Section 474.  Plaintiff is informed and believe, and thereupon allege

13    that DOE defendants are in some manner or capacity and to some degree legally and

14    proximately responsible and liable for the damages which Plaintiff complains.  When the true

15    names and capacities of DOES 1 through 25 are determined, Plaintiff will seek leave to amend

16    this complaint to allege the true names and capacities of such DOE defendants.

17    4.    Plaintiff is informed and believes and thereon alleges that each of the

18    Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant,

19    community property owner, guarantor and/or partner of each of the other co-Defendants, and

20    in doing or failing to do the things alleged herein, each co-Defendant was acting within the

21    scope of authority conferred upon that party by consent, approval and/or ratification of each of

22    the other co-Defendants, whether said authority was actual or apparent.  "Defendants", as used

23    hereinbelow, means each and all of the Defendants, unless the context requires otherwise.

24    5.    Plaintiff is informed and believes, and thereon alleges that Defendants'

25    improper conduct hereinafter alleged occurred in the County of San Bernardino, California.

26    Plaintiff further alleges that at all times relevant hereto, Plaintiff was employed to work, and

27    did work in the State of California, County of San Bernardino.

28    //

CIV SB 2 1 1 9 3 0 9

## GENERAL ALLEGATIONS

6. On or about April 7, 2016, Leon became employed by Target as a Warehouse Worker. Leon remained employed by Target until she was wrongfully terminated on or about July 10, 2020.

7. In or around April 2019, Leon suffered a back injury and reported that injury to Target. A few days later Leon was seen by a doctor and given light duty restrictions. Leon informed Target of her restrictions.

8. In or around April 2019, Leon returned to work for Target with restrictions; however, Target regularly violated Leon's work restrictions despite Leon reminding Target of her restrictions.

9. In or around late-June 2019, Leon was placed on disability/medical leave. Leon returned from leave in May 2020 following surgery.

10. In or around May 2020, Leon returned to work with light duty work restrictions.

11. In or around early-June 2020, Leon was given permanent work restrictions by her doctor.

12. On or about June 18, 2020, Leon was called into a meeting with Target's human resources department. Leon was told that Target would only allow her twelve weeks of light duty work and when those twelve weeks ended that Target could no longer accommodate her. Leon was told that there were no available positions at Target's warehouse for her.

13. On or about July 9, 2020, Leon was informed that July 10, 2020 would be her last day working for Target.

14. On or about July 10, 2020, Target terminated Leon's employment.

15. Defendants failed to go through a good faith interactive process with Leon to determine effective reasonable accommodations before terminating her.

16. Defendants also failed to accommodate Leon who had a physical disability or perceived physical disability, and instead terminated her.

17. Leon suffered from a physical disability as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Leon suffered from, amongst other things, a back

CIV SB 2 1 1 9 3 0 9

1    injury and associated pain, including lumbar radiculopathy, and disc herniation, which

2    interfered with Leon's major life and social activities, including working. Leon was a

3    qualified individual with a disability because she was a disabled individual who could either

4    with or without reasonable accommodations perform the essential functions of her job, or

5    alternatively another job she was qualified for and desired. Leon is accordingly entitled to the

6    protections of FEHA.

7       18.    Alternatively, Leon was perceived by Defendants as being physically disabled

8    within the meaning of FEHA.

9       19.    Leon is informed and believes and thereon alleges that at all times mentioned in

10   this complaint, Defendants regularly employed 5 or more persons in the state of California,

11   and therefore are accordingly subject to the provisions of FEHA.

12      20.    Leon has duly complied with the requirements of the Fair Employment and

13   Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite

14   "Right to Sue" notice.

15      21.    On information and belief, Defendants, and each of them were on actual and

16   constructive notice of the improprieties alleged herein and intentionally refused to rectify their

17   unlawful policies. Defendants' violations, as alleged above, during all relevant times herein

18   were willful and deliberate.

19      22.    At all relevant times, Defendants were and are legally responsible for all of the

20   unlawful conduct, policies, practices, acts and omissions as described in each and all of the

21   foregoing paragraphs as the employer of Leon.  Further, Defendants are responsible for each

22   of the unlawful acts or omissions complained of herein under the doctrine of "respondeat

23   superior."

24      23.    On information and belief, Defendants, and each of them were on actual and

25   constructive notice of the improprieties alleged herein and intentionally refused to rectify their

26   unlawful policies. Defendants' violations, as alleged above, during all relevant times herein

27   were willful and deliberate.

28      //

CIV SB 2 1 1 9 3 0 9

**FIRST CAUSE OF ACTION**

**(Disability Discrimination in Violation of FEHA - Against Target and DOES 1-25)**

24.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

25.    At all times mentioned herein, Plaintiff was an employee of Defendants, and each of them.

26.    Plaintiff's medical condition constituted a physical disability as defined by FEHA.

27.    Under FEHA Government Code Section 12940, et seq., it is an unlawful employment practice for an employer to discriminate because of a person's protected status based on disability, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

28.    As a direct, legal, and proximate cause of Plaintiff's disability, Defendants discriminated Plaintiff by terminating Plaintiff's employment. Defendants knew, perceived, and/or believed that Plaintiff was disabled, and/or whom Defendants knew, perceived, and/or believed had a protected status (disability), as alleged hereinabove. Plaintiff's protected status, as alleged hereinabove, was a motivating factor in Defendants' termination of Plaintiff's employment.

29.    At all times mentioned in this complaint, Plaintiff performed Plaintiff's work competently for Defendants.

30.    The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

CIV SB 2 1 1 9 3 0 9

31.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

32.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

33.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

34.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

35.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.  Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA - Against Target and DOES 1-25)

36.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

37.    Plaintiff was a person who was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff to be a person who was physically disabled.

38.    Government Code § 12940(n) requires an employer to engage in a good faith interactive process to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

CIV SB 2 1 1 9 3 0 9

39.    Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, by refusing to accommodate Plaintiff, refusing to allow Plaintiff to return to work without retaliation, by refusing Plaintiff to return to work without retaliation and negative consequences, by not transferring Plaintiff, not finding Plaintiff an alternative position, and by terminating Plaintiff.

40.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

41.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

42.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

43.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

44.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate in Violation of FEHA - Against Target and DOES 1-25)

45.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

CIV SB 2 1 1 9 3 0 9

46.    Plaintiff was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

47.    Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities. The employer also has an affirmative duty to inform employees with a disability of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

48.    Plaintiff is informed and believes and thereon alleges Defendants' violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, by refusing to accommodate Plaintiff, by not advising Plaintiff of other open job opportunities that Plaintiff was qualified to perform, not allowing Plaintiff to return to work without retaliation, and by terminating Plaintiff.

49.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

50.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

51.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

52.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

53.    The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.  Specifically, Defendants

CIV SB 2 1 1 9 3 0 9

1    discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby

2    entitling Plaintiff to punitive damages.

3                              **FOURTH CAUSE OF ACTION**

4              **(Retaliation in Violation of FEHA - Against Target and DOES 1-25)**

5          54.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as

6    though fully set forth herein.

7          55.    Plaintiff was subjected to adverse employment actions including, but not limited

8    to, termination. Plaintiff is informed and believes and thereon alleges that such adverse

9    employment actions were taken in retaliation for exercising Plaintiff's rights under FEHA.

10   Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

11         56.    As a proximate cause of Defendants' wrongful conduct as referenced above,

12   Plaintiff has suffered emotional distress and general damages in a sum of excess of the

13   minimum jurisdiction of the court and according to proof.

14         57.    As a further proximate result of Defendants' wrongful conduct as referenced

15   above, Plaintiff was required to and did seek medical attention, and will need to seek medical

16   attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction

17   of the court and according to proof.

18         58.    As a further proximate result of Defendants' wrongful conduct as referenced

19   above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

20   excess of the minimum jurisdiction of the court and according to proof.

21         59.    As a further proximate result of Defendants' wrongful conduct as referenced

22   above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum

23   according to proof.

24         60.    The above-referenced actions of Defendants were done with malice, fraud or

25   oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

26   3294 and in violation of the public policy of California. Specifically, Defendants

27   discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby

28   entitling Plaintiff to punitive damages.

CIV SB 2 1 1 9 3 0 9

### FIFTH CAUSE OF ACTION

### (Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation - Against Target and DOES 1-25)

61.     Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

62.     Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination and/or retaliation to which Plaintiff was subjected to in violation of California Government Code § 12940.

63.     The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct.  Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs.  Defendants have continued to ratified and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

64.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

65.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

66.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

67.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

68.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

CIV SB 2 1 1 9 3 0 9

1    3294 and in violation of the public policy of California.  Specifically, Defendants

2    discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby

3    entitling Plaintiff to punitive damages.

4    ### SIXTH CAUSE OF ACTION

5    ### (Violation of the California Family Rights Act – Against Target and DOES 1-25)

6       69.    Plaintiff incorporates the allegations of the preceding paragraphs as though fully

7    set forth herein.

8       70.    Plaintiff is a member of the class of persons entitled to protected medical and/or

9    family leave under the California Family Rights Act, embodied in Government Code Section

10   12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one

11   thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior

12   to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff had a

13   qualifying serious health condition that involved inpatient care in a hospital, hospice, or

14   residential health care facility and/or continuing treatment or continuing supervision by a

15   health care provider.

16      71.    Defendants are employers covered by and subject to the California Family

17   Rights Act because they employed fifty (50) or more persons, within a 75 mile radius of

18   Plaintiff's worksite, to perform services for a wage or salary for each working day of each of

19   the twenty (20) calendar weeks preceding and following the leave period(s).

20      72.    Defendants violated Government Code §12945.2 et. seq. which is commonly

21   referred to as the California Family Rights Act. This statute required Defendants to refrain

22   from discriminating or retaliating against any employee on the basis of the employee's need to

23   take leave to care for their own serious medical condition or having taken such leave.

24   (Government Code §§12945.2 (a) and (1).

25      73.    Defendants engage in a pattern and practice of discriminating, retaliating and/or

26   otherwise terminating employees for illegal and prohibitive reasons in violation of State and

27   Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing

28   Act and the California Family Rights Act.

CIV SB 2 1 1 9 3 0 9

74.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

75.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

76.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

77.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

**SEVENTH CAUSE OF ACTION**

**(Retaliation in Violation of the California Family Rights Act – Against Target and DOES 1-25)**

78.    Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

79.    Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff had a qualifying serious health condition that involved inpatient care in a hospital, hospice, or residential health care facility and/or continuing treatment or continuing supervision by a health care provider.

80.    Defendants are employers covered by and subject to the California Family Rights Act because it employed fifty (50) or more persons, within a 75 mile radius of

CIV SB 2 1 1 9 3 0 9

1    Plaintiff's worksite, to perform services for a wage or salary for each working day of each of

2    the twenty (20) calendar weeks preceding and following the leave period(s).

3        81.    Defendants violated Government Code §12945.2 et. seq. which is commonly

4    referred to as the California Family Rights Act. This statute required Defendants to refrain

5    from discriminating or retaliating against any employee on the basis of the employee's need to

6    take leave to tend to their own serious medical condition or having taken such leave.

7    (Government Code §§12945.2 (a) and (1).  Plaintiff exercised his right to California Family

8    Rights Act leave and was retaliated against and terminated by Defendants on account of

9    Plaintiff's exercise of Plaintiff's right to take such leave.  Plaintiff believes that exercise of

10   such leave was a motivating and substantial factor in Defendants' termination of Plaintiff's

11   employment.

12       82.    Defendants engage in a pattern and practice of discriminating, retaliating and/or

13   otherwise terminating employees for illegal and prohibitive reasons in violation of State and

14   Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing

15   Act and the California Family Rights Act.

16       83.    As a proximate cause of Defendants' wrongful conduct as referenced above,

17   Plaintiff has suffered emotional distress and general damages in a sum of excess of the

18   minimum jurisdiction of the court and according to proof.

19       84.    As a further proximate result of Defendants' wrongful conduct as referenced

20   above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in

21   excess of the minimum jurisdiction of the court and according to proof.

22       85.    As a further proximate result of Defendants' wrongful conduct as referenced

23   above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

24   excess of the minimum jurisdiction of the court and according to proof.

25       86.    As a further proximate result of Defendants' wrongful conduct as referenced

26   above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum

27   according to proof.

28       //

CIV SB 2119309

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy - Against Target and DOES 1-25)

87.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

88.     Plaintiff is informed and believes and thereon alleges, that Defendants terminated Plaintiff because Plaintiff suffered from an injury/disability/medical condition that caused Plaintiff to need a reasonable accommodation, including but not limited to taking time off of work/medical leave and requiring restrictions.

89.     Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 et. seq. and Article 1, Section 8 of the California Constitution, both of which prohibit discrimination based upon a person who suffers from a physical injury requiring surgery and/or medical treatment, and which consider physical injury discrimination to be a form of disability discrimination.

90.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

91.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

92.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

93.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

94.     The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

14

COMPLAINT

CIV SB 2 1 1 9 3 0 9

1   3294 and in violation of the public policy of California. Specifically, Defendants

2   discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby

3   entitling Plaintiff to punitive damages.

4                                   **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiff requests the following relief against Defendants, and each of

6   them as follows:

7          **FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND**

8          **EIGHTH CAUSES OF ACTION**

9          a)  For general damages for pain and suffering according to proof;

10         b)  For damages for past and future medical expenses according to proof;

11         c)  For lost wages and other benefits according to proof;

12         d)  For reasonable attorneys' fees in an amount according to proof;

13         e)  For punitive damages in an amount according to proof;

14         f)  For prejudgment interest as provided by law;

15         g)  For civil penalties as provided by law;

16         h)  For costs of suit; and

17         i)  For such other and further relief as the Court may deem proper.

18

19   Dated: June 24, 2021                    **MOON & YANG, APC**

20

21                                    By: _____

22                                         Seung Yang
                                           Christopher Garcia
23                                         Sherwin Nahavandi
                                           Attorneys for Plaintiff
24

25

26

27

28

COMPLAINT

CIV SB 2 1 1 9 3 0 9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: June 24, 2021                    **MOON & YANG, APC**

By: _____
     Seung Yang
     Christopher Garcia
     Sherwin Nahavandi
     Attorneys for Plaintiff

**Exhibit B**

1  LITTLER MENDELSON, P.C.
   JUDY M. IRIYE, BAR NO. 211360
2  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
3  Telephone:  310.712.7317
   Facsimile:  310.553.5583
4  *jiriye@littler.com*

5  LITTLER MENDELSON, P.C.
   VANESSA M. COHN, Bar No. 314619
6  5200 North Palm Ave., Suite 302
   Fresno, California  93704.2225
7  Telephone:     559.244.7500
   Facsimile.:     559.244.7525
8  *vcohn@littler.com*

9  Attorneys for Defendant
   TARGET CORPORATION
10

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                            COUNTY OF SAN BERNARDINO

14

15  CHRIS LEON, an individual,                Case No.  CIV SB 2119309

16              Plaintiff,                     **DEFENDANT TARGET
                                              CORPORATION'S GENERAL DENIAL**
17       v.                                    **AND AFFIRMATIVE DEFENSES**

18  TARGET CORPORATION, a Minnesota           ASSIGNED FOR ALL PURPOSES TO
    Corporation; and DOES 1 through 25, inclusive,   JUDGE DONALD ALVAREZ – DEPT. S23
19
                Defendants.
20                                            Trial Date: TBD
                                              Complaint Filed:   June 30, 2021
21

22          Defendant TARGET CORPORATION ("Defendant"), answering the Complaint of

23  Plaintiff CHRIS LEON ("Plaintiff"), for itself alone and for no other Defendant, hereby answers

24  Plaintiff's unverified Complaint as follows:

25                                  **<u>GENERAL DENIAL</u>**

26          Pursuant to section 431.30 of the California Code of Civil Procedure, as amended,

27  Defendant denies generally each and every allegation contained in Plaintiff's unverified Complaint,

28  and further generally denies that Plaintiff has been damaged in the sum or sums prayed for, or in any

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant's General Denial And Affirmative Defenses

1 | other sum or amount whatsoever, or at all, by reason of the matters therein referred to.

2 | **AFFIRMATIVE DEFENSES**

3 | Without waiving or excusing the burden of proof of Plaintiff, or admitting that
4 | Defendant has any burden of proof or persuasion, and incorporating herein by reference each and
5 | every allegation made in the General Denial, Defendant is informed and believes that a reasonable
6 | opportunity for investigation and discovery will reveal facts in support of the following:

7 | **FIRST AFFIRMATIVE DEFENSE**

8 | 1.    As a separate and distinct affirmative defense, Defendant alleges that the
9 | Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause
10 | of action upon which relief can be granted.

11 | **SECOND AFFIRMATIVE DEFENSE**

12 | 2.    As a separate and distinct affirmative defense, Defendant alleges that the
13 | Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

14 | **THIRD AFFIRMATIVE DEFENSE**

15 | 3.    As a separate and distinct affirmative defense, Defendant alleges that the
16 | Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

17 | **FOURTH AFFIRMATIVE DEFENSE**

18 | 4.    As a separate and distinct affirmative defense, Defendant alleges that the
19 | Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

20 | **FIFTH AFFIRMATIVE DEFENSE**

21 | 5.    As a separate and distinct affirmative defense, Defendant alleges that the
22 | Complaint and each cause of action set forth therein are barred by the doctrine of laches.

23 | **SIXTH AFFIRMATIVE DEFENSE**

24 | 6.    As a separate and distinct affirmative defense, Defendant alleges that the
25 | Complaint and each cause of action set forth therein are barred by the doctrine of consent.

26 | **SEVENTH AFFIRMATIVE DEFENSE**

27 | 7.    As a separate and distinct affirmative defense, Defendant alleges that to the
28 | extent further investigation and discovery reveal any after-acquired evidence that bars any or certain

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendant's General Denial And Affirmative Defenses

1  remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained

2  against Defendant.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4        8.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

5  failed to take a reasonable affirmative action to mitigate damages as they are alleged in the Complaint,

6  and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent that

7  Plaintiff has failed to mitigate damages, including but not limited to Plaintiff's failure to make

8  reasonable efforts to seek and retain subsequent employment substantially similar to Plaintiff's

9  employment with Defendant after the conclusion of Plaintiff's employment with Defendant.

10  **NINTH AFFIRMATIVE DEFENSE**

11        9.    As a separate and distinct affirmative defense, Defendant alleges that any

12  recovery to which Plaintiff might other be entitled must be denied or reduced by reason of Plaintiff's

13  contributory or comparative negligence and/or intentional conduct, because Plaintiff failed to exercise

14  reasonable and ordinary care, caution or prudence in order to avoid the alleged incidents, and the

15  alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own

16  negligence and/or intentional conduct.

17  **TENTH AFFIRMATIVE DEFENSE**

18        10.    As a separate and distinct affirmative defense, Defendant alleges that the

19  Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged

20  damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission

21  on the part of Defendant, including but not limited to negligence and/or intentional conduct of third

22  parties.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24        11.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

25  claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

26  **TWELFTH AFFIRMATIVE DEFENSE**

27        12.    As a separate and distinct affirmative defense, Defendant is informed and

28  believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3

Defendant's General Denial And Affirmative Defenses

alleges, that Plaintiff's claims are barred by Plaintiff's own breach of the duties owed to Defendant under all applicable state and federal laws, including, but not limited to, California Labor Code sections 2854, 2856, 2858, and/or 2859.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because Plaintiff was not a qualified person with a disability as defined by relevant law, nor was Plaintiff regarded as a qualified person with a disability.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, no reasonable accommodation was available that would not have caused Defendant undue hardship.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff failed to engage in the interactive process in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff suffered no harm or other prejudice as a result of Defendant's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's positions and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

Defendant's General Denial And Affirmative Defenses

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Defendant's decision(s) regarding the same were based upon a bona fide occupational qualification.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if any discriminatory, retaliatory or otherwise unlawful motive existed in connection with any actions taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    As a separate and distinct affirmative defense, Defendant alleges that any employment practice maintained by Defendant, to the extent such practice may have impacted Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to Defendant at the time it acted.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendant

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

5

Defendant's General Denial And Affirmative Defenses

1  acted reasonably in good faith, in conformity with and in reliance on written administrative

2  regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies,

3  and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

4  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

5  23.    As a separate and distinct affirmative defense, Defendant alleges that the

6  Complaint and each cause of action set forth therein cannot be maintained against Defendant because

7  Defendant's acts or omission alleged in the Complaint were protected by the managerial privilege as

8  all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper

9  managerial discretion in good faith, and for legitimate, lawful reasons.

10  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11  24.    As a separate and distinct affirmative defense, Defendant alleges that any

12  unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

13  employees were outside the course and scope of their employment and authority, and such acts, if any,

14  were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should

15  not have known of such conduct.

16  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17  25.    As a separate and distinct affirmative defense, Defendant alleges that the

18  Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all

19  internal grievance and/or complaint procedures.

20  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21  26.    As a separate and distinct affirmative defense, Defendant alleges that the

22  Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

23  relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly

24  correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies

25  occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-

26  retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which

27  were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

28  internal grievance and/or complaint procedure and any preventive or corrective opportunities provided

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

Defendant's General Denial And Affirmative Defenses

to Plaintiff by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's procedures as required by Defendant's employment policies would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1, 338(a) and 339(l).

### THIRTIETH AFFIRMATIVE DEFENSE

30. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and California Labor Code section 132(a) to the extent that (a) an employee/employer relationship existed subject to workers' compensation coverage; (b) Defendant provided workers' compensation insurance at no cost to Plaintiff; (c) Plaintiff's conduct was within the course and scope of employment; and, (d) the alleged injuries, if any, were proximately caused by the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

Defendant's General Denial And Affirmative Defenses

1    ### THIRTY-FIRST AFFIRMATIVE DEFENSE

2    31.    Defendant alleges that some or all of Plaintiff's claims for damages are barred

3    by the doctrine of set-off.

4    ### THIRTY-SECOND AFFIRMATIVE DEFENSE

5    32.    As a separate and distinct affirmative defense, Defendant alleges that any

6    recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by

7    any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other

8    sources, including but not limited to unemployment insurance, private insurance, pension benefits,

9    workers' compensation, and any sums earned by Plaintiff in other employment.

10    ### THIRTY-THIRD AFFIRMATIVE DEFENSE

11    33.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

12    has failed to state a claim upon which relief may be granted, which includes, *inter alia*, recovery of

13    costs of suit and attorneys' fees, penalties, compensatory damages, punitive damages, and special and

14    incidental damages.

15    ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

16    34.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

17    is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that

18    any award of punitive, exemplary, or emotional distress damages under California law in general,

19    and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under

20    provisions of the United States and California Constitutions, including but not limited to the equal

21    protection and due process clauses of the Fifth and Fourteenth Amendments of the United States

22    Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment

23    of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the

24    California Constitution.

25    ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

26    35.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

27    is precluded from recovering punitive damages from Defendant, because (a) any actions, conducts,

28    statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

8

Defendant's General Denial And Affirmative Defenses

1    disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any

2    officer, director, or managing agent thereof; (b) Defendant's good faith efforts to prevent

3    discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and,

4    (c) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the

5    recovery of punitive damages under the applicable provisions of California Civil Code section 3294,

6    or such other statutes of similar effect that may be applicable. *See* CAL. CIV. CODE § 3294(b).

7    ## RESERVATION OF ADDITIONAL DEFENSES

8    Defendant alleges that because the Complaint is couched in conclusory terms, all

9    affirmative defenses that may be applicable cannot be fully anticipated. Accordingly, the right to

10   assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

11   is reserved. In addition, Defendant reserves the right to amend this answer should Defendant later

12   discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

13   should a change in the law support the inclusion of new and/or additional affirmative defenses.

14   ## JURY DEMAND

15   Defendant requests trial by jury on all causes of action triable to a jury.

16   ## PRAYER

17   WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

18   1.    That Plaintiff takes nothing by the way of the Complaint;

19   2.    That judgment be awarded in favor of Defendant;

20   3.    That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

21   4.    That Defendant be awarded all costs of suit incurred by it in this action;

22   5.    That Defendant be awarded its reasonable attorneys' fees; and,

23   6.    For such other and further relief as the Court may deem just and proper.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

9

Defendant's General Denial And Affirmative Defenses

1    Dated:  August 17, 2021

2                                                     LITTLER MENDELSON, P.C.

3                                                     *Vanessa Cohn*

4                                                     _____
                                                      JUDY M. IRIYE
5                                                     VANESSA M. COHN
                                                      Attorneys for Defendant
6                                                     TARGET CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

10

Defendant's General Denial And Affirmative Defenses

## **PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On this 17th day of August, 2021, I served a copy of the within document(s):

**DEFENDANT    TARGET    CORPORATION'S    GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is cmanning@littler.com:

Seung Yang (SBN 249857)
Eung.yang@moonyanglaw.com
Christopher L. Garcia (SBN 306082)
Chris.garcia@moonyanglaw.com
Sherwin Nahavandi (SBN 332548)
Sherwin.nahavandi@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 17th day of August, 2021, at Fresno, California.

*/s/ Camile Manning*
Camile Manning

4834-9326-6421.1 / 052067-1687

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

11

Defendant's General Denial And Affirmative Defenses

**Exhibit C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Seung Yang (SBN249857) Christopher L. Garcia (SBN 306082)<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017 | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |
| TELEPHONE NO.: 213-232-3128    FAX NO.: 213-232-3125 | JUN 30 2021 |
| ATTORNEY FOR *(Name):* Plaintiff: Chris Leon | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino Superior Court | BY _____ |
| STREET ADDRESS: 247 W. 3rd Street | NICOLE O'DWYER, DEPUTY |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Bernardino, CA 92415 | |
| BRANCH NAME: | |

| CASE NAME:<br>Leon v. Target Corporation |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>CIV SB 2 1 1 9 3 0 9 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/30/2021

Seung Yang
_____
(TYPE OR PRINT NAME)                              ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Chris Leon

CASE NO.: CIV SB 2 1 1 9 3 0 9

vs.

**CERTIFICATE OF ASSIGNMENT**

Target Corporation

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☑ **General**          ☐ **Collection**

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other   Employment | Wrongful Termination |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Target Corporation | | 3110 Alder Ave. | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Rialto | CA | | 92377 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 06/30/2021 _____ at Los Angeles _____, California

_____
*Signature of Attorney/Party*

## CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Leon -v- Target Corporation et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2119309 |

Moon & Yang APC
1055 West Seventh Street
Suite 1880
Los Angeles CA  90017

This case has been assigned to:  Donald Alvarez in Department S23 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  01/10/2022  at 9:00 AM in Department S23 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 7/9/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Nicole O'Dwyer Fennell, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
- ☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
- ☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
- ☐ A copy of this notice was given to the filing party at the counter.
- ☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  7/9/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 7/9/2021 at San Bernardino, CA.

By: _____
Nicole O'Dwyer Fennell, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 09 2021

BY _____ NICOLE O'DWYER, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRIS LEON, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino<br>247 W. 3rd Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVSB 2 1 1 9 3 0 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seung Yang, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| DATE: JUL 09 2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* NICOLE O'DWYER | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MOON & YANG, APC<br>Seung Yang, Esq. (SBN 249857); Christopher L. Garcia, Esq. (SBN 306082)<br>Sherwin Nahavandi, Esq. (SBN 322548)<br>1055 West 7th Street, Suite 1880, Los Angeles, California 90017<br>TELEPHONE NO.: (213) 232-3128    FAX NO. *(Optional):* (213) 232-3125<br>E-MAIL ADDRESS *(Optional):* seung.yang; chris.garcia; sherwin.nahavandi@moonyanglaw.com<br>ATTORNEY FOR *(Name):* Plaintiff CHRIS LEON | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 2 3 2021<br><br>BY _____<br>ELYZABETH GOMEZ, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>STREET ADDRESS: 247 West 3rd Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Bernardino, California 92415<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: CHRIS LEON, an individual<br>DEFENDANT/RESPONDENT: TARGET CORPORATION, etc. | CASE NUMBER:<br>CIVSB2119309 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1965946SI |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Trial Setting Conference and Notice of Case Assignment; Initial Trial Setting Conference Statement

3. a. Party served *(specify name of party as shown on documents served):*
   TARGET CORPORATION, a Minnesota Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent for Service of Process, by serving Diana Ruiz, Intake Specialist

4. Address where the party was served:
   818 West 7th Street, Suite 930, Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/20/2021    (2) at *(time):* 12:25 p.m.
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: CHRIS LEON, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGET CORPORATION, etc. | CIVSB2119309 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                       (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):*  TARGET CORPORATION, a Minnesota Corporation

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Bello Gusau, Ace Attorney Service, Inc.

  b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017

  c. Telephone number: (213) 623-3979

  d. **The fee** for service was: $ 92.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server:

      (i) ☐ owner ☑ employee ☐ independent contractor.

      (ii) Registration No.: 2019231784

      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 22, 2021

BELLO GUSAU
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                            (SIGNATURE )

**RECEIVED**

**JUL 2 3 2021**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**Exhibit D**

1   JUDY M. IRIYE, Bar No. 211360
    LITTLER MENDELSON, P.C.
2   2049 Century Park East, 5th Floor
    Los Angeles, California  90067
3   Telephone:    310.553.0308
    Facsimile.:    310.553.5583
4   jiriye@littler.com

5   VANESSA M. COHN, Bar No. 314619
    LITTLER MENDELSON, P.C.
6   5200 N. Palm Ave., Ste. 302
    Fresno, California  93704
7   Telephone:    559.244.7500
    Facsimile:    559.244.7525
8   vcohn@littler.com

9   Attorneys for Defendant
    TARGET CORPORATION

10

            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF SAN BERNARDINO

12

13

14   CHRIS LEON, an individual,              Case No.  CIV SB 2119309

            Plaintiff,                **DEFENDANT TARGET
15                                      CORPORATION'S NOTICE TO
            v.                          PLAINTIFF OF REMOVAL OF CIVIL
16                                      ACTION TO FEDERAL COURT**

17   TARGET CORPORATION, a Minnesota     ASSIGNED FOR ALL PURPOSES TO
     Corporation; and DOES 1 through 25, inclusive,   JUDGE DONALD ALVAREZ
18
            Defendants.                 Trial Date: TBD
19                                      Complaint Filed:   June 30, 2021

20          TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

21          PLEASE   TAKE   NOTICE   that   on   August   18,   2021,   Defendant   TARGET

22   CORPORATION ("DEFENDANT" or "TARGET"), filed a Notice of Removal pursuant to 28 U.S.C.

23   §§ 1332, 1441, and 1446, in the United States District Court for the Central District of California. A

24   true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 1.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

_____
Defendant Target Corporation's Notice to Plaintiff of Removal of Civil Action to Federal Court

1    Dated: August 18, 2021

2                                                    LITTLER MENDELSON, P.C.

3                                                    *Vanessa Cohn*

4                                                    _____
                                                     JUDY M. IRIYE
5                                                    VANESSA M. COHN
                                                     Attorneys for Defendant
6                                                    TARGET CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

Defendant Target Corporation's Notice to Plaintiff of Removal of Civil Action to Federal Court

EXHIBITS HERETO EXCERPTED TO
AVOID FILING OF DUPLICATIVE PAPERS

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On this 18th day of August, 2021, I served a copy of the within document(s):

**DEFENDANT TARGET CORPORATION'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is cmanning@littler.com:

Seung Yang (SBN 249857)
Eung.yang@moonyanglaw.com
Christopher L. Garcia (SBN 306082)
Chris.garcia@moonyanglaw.com
Sherwin Nahavandi (SBN 332548)
Sherwin.nahavandi@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 18th day of August, 2021, at Fresno, California.

_/s/ Camile Manning_
Camile Manning

4842-2307-7109.1 / 052067-1687

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

**Exhibit E**

1  JUDY M. IRIYE, Bar No. 211360
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, California  90067
3  Telephone:    310.553.0308
   Facsimile.:    310.553.5583
4  jiriye@littler.com

5  VANESSA M. COHN, Bar No. 314619
   LITTLER MENDELSON, P.C.
6  5200 N. Palm Ave., Ste. 302
   Fresno, California  93704
7  Telephone:    559.244.7500
   Facsimile:    559.244.7525
8  vcohn@littler.com

9
   Attorneys for Defendant
10 TARGET CORPORATION

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                COUNTY OF SAN BERNARDINO

13

14 CHRIS LEON, an individual,              Case No.  CIV SB 2119309

15          Plaintiff,                     **DEFENDANT TARGET**
                                           **CORPORATION'S NOTICE TO STATE**
16     v.                                  **COURT OF REMOVAL OF CIVIL**
                                           **ACTION TO FEDERAL COURT**
17 TARGET CORPORATION, a Minnesota
   Corporation; and DOES 1 through 25, inclusive,   ASSIGNED FOR ALL PURPOSES TO
18                                         JUDGE DONALD ALVAREZ
          Defendants.
19                                         Trial Date: TBD
                                           Complaint Filed:   June 30, 2021
20

21          TO THE CLERK OF THE ABOVE-TITLED COURT:

22          PLEASE TAKE NOTICE that on August 18, 2021, the above-captioned matter was

23 removed from the Superior Court of the State of California, County of San Bernardino, where it was

24 previously pending, to the United States District Court for the Central District of California, pursuant

25 to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of the Notice of Removal filed by Defendant TARGET

26 CORPORATION is attached hereto as Exhibit 1.[1]

27 / / /

28 _____
   [1] So as to avoid duplicative filing, the attachments to Exhibits D and E thereto are excerpted.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

2   of a Notice of Removal in the United States District Court, together with the filing of a copy of a

3   Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

4   may proceed no further unless and until the case is remanded.

5

6   Dated: August 18, 2021

7                                                   LITTLER MENDELSON, P.C.

8                                                   *Vanessa Cohn*

9                                                   _____
                                                    JUDY M. IRIYE
                                                    VANESSA M. COHN
10                                                  Attorneys for Defendant
                                                    TARGET CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

2

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

EXHIBITS HERETO EXCERPTED TO
AVOID FILING OF DUPLICATIVE PAPERS

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On this 18th day of August, 2021, I served a copy of the within document(s):

**DEFENDANT TARGET CORPORATION'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is cmanning@littler.com:

Seung Yang (SBN 249857)
Eung.yang@moonyanglaw.com
Christopher L. Garcia (SBN 306082)
Chris.garcia@moonyanglaw.com
Sherwin Nahavandi (SBN 332548)
Sherwin.nahavandi@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 18th day of August, 2021, at Fresno, California.


_/s/ Camile Manning_
Camile Manning

4835-7079-7557.1 / 052067-1687

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.   My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On this 18th day of August, 2021, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is cmanning@littler.com:

Seung Yang (SBN 249857)
Eung.yang@moonyanglaw.com
Christopher L. Garcia (SBN 306082)
Chris.garcia@moonyanglaw.com
Sherwin Nahavandi (SBN 332548)
Sherwin.nahavandi@moonyanglaw.com
**MOON** & **YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 18th day of August, 2021, at Fresno, California.


*/s/ Camile Manning*
Camile Manning

4828-2342-5013.2 / 052067-1687

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10

Notice of Removal of Civil Action to Federal Court